# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOBOBA BAND OF LUISENO INDIANS, a federally-recognized Indian Tribe, on its own behalf and on behalf of its individual Citizens,<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, CALIFORNIA;<br><br>            Defendant. | Case No.: 5:17-cv-01141-JGB-SP<br><br>**SETTLEMENT AGREEMENT**<br><br>Judge: Hon. Jesus G. Bernal |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between the COUNTY OF RIVERSIDE, its principals, agents, representatives, officials, and employees (hereinafter referred to collectively as "COUNTY") on the one hand and the SOBOBA BAND OF LUISEÑO INDIANS, its Tribal Council, principals, agents, representatives, and employees (hereinafter collectively referred to as "SOBOBA BAND") on the other hand, enter into the following Settlement Agreement. Hereinafter the parties to this action are collectively referred to as "THE PARTIES."

## RECITALS

A.   WHEREAS, the SOBOBA BAND is a federally recognized Indian

tribe, for which the United States of America holds the lands of the Soboba Indian Reservation ("Reservation") in trust for the SOBOBA BAND;

  B. WHEREAS, the lands of the Reservation are "Indian country" as defined by 18 U.S.C. §§ 1151 and 1162 ("P.L. 83-280");

  C. WHEREAS, the COUNTY is a subdivision of the State of California, and the Riverside County Sheriff's Office ("RSO") is the COUNTY's law enforcement agency;

  D. WHEREAS, the RSO contracts with various cities within the COUNTY to provide law enforcement services within those cities using RSO personnel;

  E. WHEREAS, During the period of May 26 through May 31, 2016, agents of the RSO entered the Reservation to execute a search warrant (the "warrant") at, among other locations, the SOBOBA BAND's Administration Building, in connection with a felony criminal investigation ("the investigation");

  F. WHEREAS, the warrant executed at the SOBOBA BAND's Administration Building authorized the search and seizure of the SOBOBA BAND's government computer servers on which RSO personnel believed video surveillance footage relevant to the investigation was stored;

  G. In executing the warrant, RSO entered the SOBOBA BAND'S Administration Building. Instead of seizing and removing the SOBOBA BAND's government computer servers, RSO personnel were able to copy video surveillance footage with the assistance of the SOBOBA BAND's computer system personnel;

  H. WHEREAS, the SOBOBA BAND filed this Action entitled *Soboba Band of Luiseño Indians, et al., v. County of Riverside, et al.*, California Central District Case No. SACV17-01141-JGB (SP) (the "Action"), seeking declaratory and injunctive relief and monetary damages against the COUNTY and Sheriff Stan Sniff, alleging that the COUNTY and SNIFF lacked jurisdiction to execute the warrant;

I.  WHEREAS, the PARTIES desire to resolve this dispute in a manner that will foster good relations between the COUNTY and the SOBOBA BAND, without the need for the Court to determine the underlying jurisdictional dispute between the PARTIES, and without requiring that the COUNTY admit to any wrongdoing, liability or legal violations on the part of the COUNTY or its personnel, or conceding the validity of any of SOBOBA BAND'S legal theories or claims, and for the sole purpose of resolving the Action and any claims relating thereto in an economic and efficient manner, THE PARTIES now desire to enter into this Agreement on the terms set forth herein.

**TERMS**

NOW, THEREFORE, for full and valuable consideration, the sufficiency of which is hereby acknowledged, and based upon the foregoing Recitals, and the terms, conditions, covenants, and agreements herein, THE PARTIES agree as follows:

1.  <u>Order for Continuing Jurisdiction and Effective Date</u>.

Following the full execution of this Agreement by all Parties, THE PARTIES shall file with the Court in the Action the "[PROPOSED] Order re Settlement and Continuing Jurisdiction" attached hereto as Exhibit "A" (the "Order"). The obligations of THE PARTIES in the remaining sections of this Agreement, and the releases contained herein, shall become effective and operative on the date on which the Order is signed and entered by the Court, and shall be contingent upon the Court's signing and entry of the Order (hereinafter "Effective Date").

2.  <u>Incorporation of Recitals</u>.

The representations in the above section of this Agreement, entitled "RECITALS", are hereby incorporated into and made a material part of the terms and representations of this Agreement.

/ / /

1       3.      Return of Certain Seized Materials.

2       The COUNTY shall return to SOBOBA BAND a full and complete copy of all of the video surveillance files obtained from SOBOBA BAND'S government servers during the May, 2016 execution of the Superior Court search warrant on the premises of the Tribal Administration Building. The County shall maintain a copy solely for purposes of the ongoing homicide investigation by RSO into the death of Jerome Salgado. Such copy shall be maintained in confidence and used solely for the purpose of conducting that investigation and any criminal prosecution(s) resulting from that investigation. Upon conclusion of such prosecution(s), including any appeals, all such files shall be returned to SOBOBA BAND in accordance with Penal Code section 1536.

        4.      Acknowledgment of Jurisdiction.

        SOBOBA BAND specifically acknowledges and agrees that 18 U.S.C. § 1162 vests the COUNTY with jurisdiction to enforce California's criminal laws against individuals, including tribal citizens, on the Soboba Reservation, and that law enforcement officers of the State of California and its subdivisions, including Riverside County, may enter the lands of the Soboba Reservation for the purpose of executing search or arrest warrants against individuals and residential premises on the Soboba Reservation, subject to the same constitutional and statutory constraints as would apply to entry onto privately-owned fee simple lands outside the Soboba Reservation.

        5.      Status of Certain Lands.

        The COUNTY acknowledges and agrees that the lands of the Soboba Reservation east of the Soboba Department of Public Safety security kiosk on Soboba Road are considered to have the same status as enclosed, privately-owned lands outside the Soboba Reservation, and within which the Soboba Band and its members residing on the Soboba Reservation have a reasonable expectation of privacy, and thus that warrantless entry onto such lands is prohibited in the absence

of an invitation or prior authorization from the Soboba Tribal Council, the existence of community caretaking circumstances or exigent circumstances, such as hot pursuit of a fleeing felon, existence of an imminent threat of destruction of evidence, the need to prevent a suspect's escape, or the risk of danger to law enforcement officers or to other persons in a dwelling or other area to be searched pursuant to a validly-issued search or arrest warrant.

6. <u>County Law Enforcement Request to Search Soboba Band Property</u>.

Should the need arise for the COUNTY law enforcement personnel, including COUNTY law enforcement personnel acting under contract with any city within the COUNTY, to search land, property, or facilities owned by the SOBOBA BAND or to acquire or examine personal property of the SOBOBA BAND for law enforcement purposes, except in exigent circumstances where prior notice or any delay would jeopardize the safety of any individuals or risk loss or destruction of the property to be searched or examined, the COUNTY shall request permission to search or to receive personal property by sending such request in writing (including via e-mail) to the Executive Director of the Soboba Tribal Gaming Commission for personal property located at the Soboba Casino Resort, and to the Chairman of the SOBOBA BAND for personal property located at the Tribal Administration Building or elsewhere on the Soboba Reservation and used by the tribal government.  For purposes of this Paragraph 6, "personal property" shall include the computer systems of the SOBOBA BAND and the video surveillance footage recorded thereon.  The written requests from the COUNTY are not required to include confidential information. All such requests from COUNTY law enforcement will be responded to by the Gaming Commission within 24 hours and by the Tribal Chairman within two business days.

7. <u>Sheriff or Assistant Sheriff Approval of Search Warrants</u>.

Should the need arise for COUNTY law enforcement personnel, including COUNTY law enforcement personnel acting under contract with any city within

the COUNTY, to obtain a warrant to search land, property or facilities owned by the SOBOBA BAND, such warrant application shall not be submitted to a court for issuance unless and until said warrant application, including all supporting affidavit(s), is reviewed and has been approved by either the Sheriff or an Assistant Sheriff. The COUNTY shall maintain a written record of such review and approval, which shall be produced to the SOBOBA BAND upon the Soboba Tribal Council's request. The approval process described in this Section shall only apply to warrants relating to land, property or facilities owned by the SOBOBA BAND itself for tribal purposes, not to warrants relating to Reservation land, property or facilities owned, assigned to or occupied by individuals, whether or not enrolled in the SOBOBA BAND. To facilitate compliance with the terms of this Agreement, the Sheriff shall provide a copy of this Agreement to the commanders of each RSO station and division, both current and in the future, and shall review its contents with such commanders, who in turn shall inform their subordinates of its contents.

8. <u>Execution of Search Warrants as to Tribal Government Computer Systems and Other Tribal Government Personal Property</u>.

  A. <u>SOBOBA BAND Computer Systems</u>.

The COUNTY acknowledges that the SOBOBA BAND is a government that provides essential governmental programs and services to the Soboba Reservation and persons thereon, and that the SOBOBA BAND's government cannot deliver those programs and services or otherwise operate effectively without its fully functioning computer systems, located both in the tribal Administration Building and in the offices of the Soboba Tribal Gaming Commission. The COUNTY further acknowledges that the SOBOBA BAND's principal source of revenue to fund the tribal government's programs and services is derived from the operation of the Soboba Casino and Resort, operation and regulation of which is overseen by the Soboba Tribal Gaming Commission, and that the Soboba Tribal Gaming Commission operates a separate system of tribally-owned computers, servers and

video surveillance cameras unconnected to the computer systems housed in the tribal Administration Building. The COUNTY further acknowledges that under the Indian Gaming Regulatory Act, the SOBOBA BAND's Gaming Ordinance and the Class III gaming compact between the SOBOBA BAND and the State of California, the Soboba Casino and Resort cannot lawfully operate unless the Soboba Tribal Gaming Commission's computerized video surveillance system is functional. Finally, the COUNTY acknowledges that removal of the computer systems located either in the tribal Administration Building or at the Soboba Tribal Gaming Commission would effectively shut down the SOBOBA BAND's tribal government and leave the Soboba Reservation community without the essential governmental services that only the tribal government now provides. Accordingly, the COUNTY agrees that in the course of executing a search warrant seeking data from the SOBOBA BAND's computer systems, no components of the SOBOBA BAND's computer systems may be disabled or removed unless the Sheriff and the Tribal Chairperson, or if the Chairperson is unavailable, the Vice Chairperson, agree that all feasible means for copying the sought-after data on-site have been exhausted without success. In the event that the Sheriff and the Tribal Chairperson or Vice Chairperson are unable to agree that all feasible means for copying the sought-after data on site have been exhausted without success, the Sheriff may apply to the District Court for an expedited determination whether the computer server(s) on which the data are stored may be removed, and the parties shall abide by that determination. If the District Court orders that the computer server may be removed, the SOBOBA BAND will be entitled to retain the backup server(s) needed to restore the Tribal government's ability to continue to function in its normal manner.  If the SOBOBA BAND changes the configuration of its government and/or Soboba Tribal Gaming Commission computer system(s) so that video surveillance footage is recorded on servers dedicated solely to that purpose, and if video surveillance footage is the sole object of a search warrant, only those

servers on which video surveillance footage is stored may be searched and/or removed pursuant to this Agreement. The SOBOBA BAND agrees that during the course of the execution of a search warrant issued pursuant to the procedures set forth in this Agreement, it will not intentionally install or allow to be installed any computer software, or otherwise take any intentional action, that would destroy, corrupt or prevent the copying of computer files by RSO personnel and/or their agents while executing such a search warrant; *provided*, that nothing herein shall preclude the SOBOBA BAND from protecting its computer systems and the data stored thereon from unauthorized access, tampering or other compromises to the systems' security through encryption or other means.

        B.      <u>Other SOBOBA BAND government personal property</u>.

Other SOBOBA BAND government personal property located in the tribal Administration Building may not be removed unless authorized by a search warrant issued on the basis that there is probable cause to believe such property was used, or otherwise involved in, the commission of a felony, or contains evidence of the commission of a felony.

    9.    <u>Protocols for RSO Entry and Exercise of Jurisdiction on the Reservation</u>.

The COUNTY shall exercise the jurisdiction conferred upon the State of California to enforce California's criminal laws against individuals in Indian country in a manner that least disrupts or intrudes upon the normal functioning of the SOBOBA BAND'S government, consistent with the COUNTY's need to accomplish legitimate law enforcement objectives while protecting the safety of officers and the public. To respect the SOBOBA BAND'S sovereignty over its Reservation lands and the privacy of the Reservation community, the following protocols shall be followed for entry of all COUNTY law enforcement personnel onto Reservation lands that are closed to the general public, being those Reservation lands that are east of the Soboba Department of Public Safety guard

kiosk on Soboba Road for official County law enforcement business:

        9.1     <u>Non-Exigent Circumstances</u>:

              a.     Uniformed law enforcement officers driving in marked law enforcement vehicles with uniforms matching the vehicles, and either having been invited by the tribal government to attend a meeting at the Administration Building or elsewhere on the Reservation, acting pursuant to a separate Memorandum of Agreement for patrol services between the COUNTY and the SOBOBA BAND, acting pursuant to official law enforcement business, or to otherwise execute a Superior Court warrant to search a residence or arrest an individual, will be granted immediate access through the entry gate without having to show official identification or proof of invitation.  This Agreement shall have no application to execution of warrants issued by any other court and/or administrative body;

              b.     Uniformed law enforcement officers or other uniformed law enforcement personnel driving unmarked vehicles, and either having been invited by the tribal government to attend a meeting at the Administration Building or elsewhere on the Reservation, acting on official law enforcement business, acting pursuant to a separate Memorandum of Agreement for patrol services between the COUNTY and the SOBOBA BAND, or to otherwise execute a warrant to search a residence or arrest an individual, will be granted immediate access through the entry gate without having to show official identification;

              c.     Plain-clothes law enforcement officers or other law enforcement personnel driving marked or unmarked vehicles will be granted access through the entry gate immediately upon presenting official identification.

        9.2     <u>Community Caretaking, Emergency or Exigent Circumstances</u>:

              a.     Upon observing an approaching Riverside Sheriff's Department or other law enforcement vehicle(s) on which red lights and/or siren have been activated, the Soboba Department of Public Safety officer staffing the

guard kiosk immediately shall open the gate and permit unimpeded passage of the vehicle. Law enforcement officers shall comply with General Orders as they relate to Code 3 (lights and sirens) responses.

      b.    If, due to exigent circumstances, activation of a vehicle's siren would interfere with or frustrate the purpose for law enforcement's entry onto the Reservation, activation of the vehicle's red lights upon approaching the guard kiosk will suffice to grant immediate passage through the entry gate.

      c.    Upon notification by law enforcement dispatch to the Soboba Department of Public Safety that a law enforcement agency vehicle is in pursuit of a fleeing vehicle or suspect, or responding to a 911 call from the Reservation, the law enforcement agency vehicle(s) involved will be given immediate access through the entry gate.

    10.    <u>Continuing Jurisdiction of Court</u>.

The Court shall retain jurisdiction over the Action for a period of five years from the date of this Agreement (hereinafter, the "Termination Date"), for the purposes of (a) overseeing the implementation of this Agreement. The PARTIES may extend the Termination Date pursuant to subsequent written agreement signed by authorized individuals of each PARTY.  The PARTIES anticipate that every effort will be made by the PARTIES to resolve the issues prior to seeking review by the District Court. The PARTIES agree that the District Court will have the authority to enforce the terms of the agreement and resolve disputes as they may arise. The PARTIES agree to make reasonable efforts to exhaust meet and confer attempts prior to contacting the Court, except in instances where the health or safety of individuals is at risk of imminent harm. In resolving any dispute, the Court may enforce any rights available to a PARTY under this Agreement, subject to sufficient notice, opportunity to be heard, briefing, evidence, and other due process. The Court shall not be empowered to award money damages to any Party as a result of any Dispute submitted to this process, but shall be authorized to grant

such non-monetary relief as the Court deems appropriate under the circumstances, and to award to the prevailing PARTY reasonable attorneys' fees and any costs incurred in seeking and obtaining the order.

11. Release and Covenant Not to Sue.

11.1 In consideration for the terms of this Agreement, SOBOBA BAND hereby releases and forever discharges the COUNTY, as well as its present and former Sheriff, deputies, employees, agents, managers, officers, directors, Board of Supervisor members, insurance companies, attorneys, departments, and divisions or affiliated entities, whether previously or hereafter affiliated in any manner, from and against any and all claims, demands, causes of action, obligations, damages, attorneys' fees, costs, and liabilities, arising from and relating to the events detailed in this Action of any nature whatsoever, whether or not now known, suspected, or claimed, which the SOBOBA BAND has, or ever may claim to have, as against the COUNTY, whether directly or indirectly, relating to or arising out of (a) the Action, and/or (b) any claims raised in, or that could have been raised in, and specific to the Action.

11.2 The release set forth above is a release of ALL claims, demands, causes of action, obligations, damages, and liabilities, of any nature whatsoever, and is intended to encompass all known and unknown, foreseen and unforeseen, claims that are possessed by the SOBOBA BAND and within the scope of the Released Claims based solely and only on the specific events giving rise to this Action. To effectuate the intent of the PARTIES, the SOBOBA BAND expressly agrees to waive and relinquish all rights and benefits it may have under Section 1542 of the Civil Code of the State of California, which reads as follows:

> § 1542. [GENERAL RELEASE; EXTENT] A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11.3 The SOBOBA BAND warrants that it has made no assignment, and will make no assignment, of any claim, chose in action, right of action, or any right, of any kind whatsoever, within the scope of the Released Claims, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims within the scope of the Released Claims.

12. <u>Dismissal of the Action</u>. At the conclusion of the Court's retained jurisdiction, the SOBOBA BAND will take all necessary actions and file all necessary documents to effectuate dismissal of the Action, with prejudice.

13. <u>Costs and Attorneys' Fees</u>.

Except as set forth above, the PARTIES shall bear their own costs, expenses, and attorneys' fees in relation to or arising out of (a) the Action, (b) the resolution, negotiation, and settlement of the Action, including the negotiation of this Agreement, and (c) the implementation of this Agreement, including the resolution of any Dispute.

14. <u>Non-Admission of Liability</u>. By entering into this Agreement, the COUNTY admits no liability, and explicitly denies any liability or wrongdoing of any kind arising out of or relating to any of the claims alleged in the Action. Nothing herein constitutes an admission by the COUNTY as to any interpretation of laws, or as to the merits, validity, or accuracy of any of the claims or legal contentions made against it in the Action. The COUNTY and the SOBOBA BAND have entered into this Agreement solely to avoid the time, expense, and risk of continued litigation.

15. <u>Knowing and Voluntary</u>. This Agreement is an important legal document and in all respects has been voluntarily and knowingly executed by the PARTIES. The PARTIES, and each of them, specifically represent that, prior to signing this Agreement, (a) they have each been provided a reasonable period of

time within which to consider whether to accept this. Agreement, (b) they have each carefully read and fully understand all of the provisions of this Agreement, and (c) they are voluntarily, knowingly, and without coercion entering into this Agreement based upon their own judgment. The SOBOBA BAND further specifically represents that, prior to signing this Agreement, it has conferred with counsel of its choice to the extent desired concerning the legal effect of this Agreement, and that the legal effect of this Agreement has been adequately explained to it.

16. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the SOBOBA BAND and the COUNTY regarding the matters discussed herein and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the SOBOBA BAND and the COUNTY relating to the subject matter hereof. The SOBOBA BAND and the COUNTY each acknowledge that no representations, inducements, promises, agreements, or warranties, oral or otherwise have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement, that they have not executed this Agreement in reliance on any such representation, inducement, promise; agreement, or warranty, and that no representation, inducement, promise, agreement, or warranty not contained in this Agreement, including, but not limited to, any purported supplements, modifications, waivers, or terminations of this Agreement, shall be valid or binding, unless executed in writing by the PARTIES to this Agreement. Any alteration, change, or modification of or to this Agreement shall be made by written instrument executed by each Party hereto in order to become effective.

17. <u>Warranty of Authority</u>. Each individual or entity that executes this Agreement represents and warrants, in his, her, or its personal capacity, that he, she, or it is duly authorized and empowered to enter into this Agreement on behalf of the PARTY it purports to represent.

1    18.   Counterparts. This Agreement may be executed in multiple
2 counterparts, each of which shall be considered an original but all of which shall
3 constitute one agreement.
4    IN WITNESS WHEREOF, this Settlement Agreement is hereby entered into
5 and executed by the PARTIES hereto on the dates set forth below.
6
7 Dated: 7/2/19                                    COUNTY OF RIVERSIDE
8                                                  By: _____
9                                                       SHERIFF CHAD BIANCO
10 Dated: 7/2/19                                   SOBOBA BAND OF LUISEÑO INDIANS
11
12                                                 By: _____
13                                                       CHAIRMAN SCOTT COZART
14
15 Approved as to form and content:
16 Dated: July 2, 2019                             JONES & MAYER
17
18                                                 By: _____
19                                                       JAMES R. TOUCHSTONE
                                                         DENISE L. ROCAWICH
                                                         Attorneys for County of Riverside
20
21 Dated: 7/2/19                                   FORMAN & ASSOCIATES
22                                                 By: _____
23                                                       GEORGE FORMAN
                                                         Attorneys for Soboba Band of Luiseno
24                                                       Indians
25
26
27
28

SETTLEMENT AGREEMENT                                     Case No.: 5:17-cv-01141-JGB-SP
                                        14